UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                       Case No. 3:24-cr-73(1)

vs.

DENZEL DIXON,                   District Judge Michael J. Newman

      Defendant.

---

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S OBJECTION TO HIS PRESENTENCE INVESTIGATION REPORT

Previously in this felony criminal case, Defendant Denzel Dixon and the Government entered into a plea agreement pursuant to which Defendant pled guilty to knowing and intentional distribution of 50 grams or more of methamphetamine, its salts, its isomers, or salts of its isomers, a Schedule II controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Doc. Nos. 73, 77. In the Statement of Facts attached to the plea agreement, Defendant admitted he "knowingly and intentionally distributed controlled substances[.]" Doc. No. 73 at PageID 181.

Defendant raises one objection to the final Presentence Investigation Report ("PSR") and Probation has responded. The Government did not respond. The Court has reviewed all relevant filings, and the matter is now ripe for decision.

### I. Applicable Legal Standards

This Court "must—for any disputed portion of the [PSR] or other controverted matter— rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" Fed. R. Crim.

P. 32(i)(3)(B) (brackets added).  "As a threshold matter, the defendant must actively raise the dispute during the sentencing hearing before the district court's duty to find facts arises."  *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007).  Once a defendant meets this threshold, "the 'court may not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence.'"  *Id*. (quoting *United States v. Solorio*, 337 F.3d 580, 598 (6th Cir. 2003)).  Literal compliance with this Rule is required "'for a variety of reasons, such as enhancing the accuracy of the sentence and the clarity of the record.'"  *Id*. (quoting *United States v. Treadway,* 328 F.3d 878, 886 (6th Cir. 2003)).

"Generally, factual findings relevant to sentencing must be supported only by a preponderance of the evidence."  *United States v. Hurst*, 228 F.3d 751, 761 (6th Cir. 2000) (citing *United States v. Zajac,* 62 F.3d 145, 148 (6th Cir. 1995)); *see United States v. McReynolds*, 964 F.3d 555, 565 (6th Cir. 2020) ("all facts used against a defendant at sentencing must be supported by a preponderance of the evidence[.]"); *see also United States v. Gates*, 461 F.3d 703, 708 (6th Cir. 2006) ("judicial fact-finding for sentencing purposes must continue as it was conducted prior to *Booker,* under a preponderance of the evidence standard." (citing *United States v. Coffee,* 434 F.3d 887, 897-98 (6th Cir. 2006))).

## II.  The PSR

The PSR applies the United States Sentencing Guidelines ("Guidelines"), to place Defendant's total offense level at 31.  The PSR places Defendant's criminal history category at II. Defendant's total offense level of 31, along with his criminal history category of II, results in a Guidelines sentencing range of 121 to 151 months.

## III.  Analysis

Defendant objects to the PSR's inclusion of facts relating to fentanyl in paragraphs 5, 15,

16, 17, 26, 27, 28, 30, 97, and the Justification section. Defendant indicates that the references to fentanyl will likely have negative effects on any application of the First Step Act. Pub. L. No. 115-391, 132 Stat. 5194.

While there are no facts relating to fentanyl in the Statement of Facts and Plea Agreement, the Court is not bound by the parties' stipulations and may, with the aid of the PSR, determine the relevant facts for sentencing. U.S.S.G. § 6B1.4(d). The offense level in the PSR is determined based on relevant conduct, which includes "all acts and omissions" committed by the defendant. U.S.S.G. § 1B1.3(a)(1)(A). Here, the drugs distributed by Defendant were tested by the U.S. Department of Justice Drug Enforcement Administration Laboratory and were determined to include both methamphetamine and fentanyl. The Court finds the facts relating to fentanyl, therefore, to be relevant conduct for sentencing purposes.

Accordingly, the Court **OVERRULES** Defendant's objection to the PSR. This ruling does not preclude Defendant from seeking a variance or otherwise raising arguments related to his objection under 18 U.S.C. § 3553(a) during his sentencing hearing.

### IV. Conclusion

For the above reasons, Defendant's objection to his PSR is **DENIED WITHOUT PREJUDICE** to renewal during his sentencing hearing. Defendant's offense level thus remains 31 and his criminal history remains II, resulting, as noted above, in a Guidelines sentencing range of 121 to 151 months.

**IT IS SO ORDERED.**

January 9, 2026                                  s/*Michael J. Newman*
                                                 Hon. Michael J. Newman
                                                 United States District Judge